O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#19/20 (08/27 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2993 PSG (MANx) | Date | August 21, 2012 |
|---|---|---|---|
| Title | Lagrimas Suarez v. Wells Fargo Bank, N.A., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting Wells Fargo Bank, N.A.'s Motion for Attorneys' Fees

Pending before the Court is Defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB's ("Wells Fargo") Motion for Attorneys' Fees. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court GRANTS the Motion and awards attorneys' fees in the amount of $1,500.00.

I.      Background

On or about April 20, 2006, Plaintiff Lagrimas Suarez ("Plaintiff") took out a home mortgage loan from Defendant Wells Fargo's predecessor, World Savings Bank, FSB, memorialized in an Adjustable Rate Mortgage Note (the "Note"). *Compl.* ¶ 17; *Mot.* 1:16-19. Beginning in March 2009, however, Plaintiff became unable to make additional mortgage payments. *Compl.* ¶ 17.

On January 13, 2012, Plaintiff filed this action in state court against Defendants Wells Fargo and Cal-Western Reconveyance Corporation ("Cal-Western") (collectively, Defendants) alleging, *inter alia*, wrongful foreclosure and breach of contract. Defendants removed the case to this Court and then sought dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. #1, 7. Wells Fargo also filed a motion to strike Plaintiff's prayer for punitive damages and request for damages under Cal. Bus. & Prof. Code § 17200. *See* Dkt. # 8. The Court granted the Motion to Dismiss with prejudice and mooted the motion to strike. *See* Dkt. # 12. A judgment of dismissal with prejudice was then entered in favor of Wells Fargo

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#19/20 (08/27 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2993 PSG (MANx) | Date | August 21, 2012 |
|---|---|---|---|
| Title | Lagrimas Suarez v. Wells Fargo Bank, N.A., *et al.* | | |

and the Court invited Wells Fargo to file the present motion for reasonable attorneys' fees. *See* Dkt. # 16, 19. To date, Plaintiff has not opposed the fee motion.

II.     Legal Standard

Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). However, an award of attorneys' fees may be proper where a valid contract or statute shifts fees to a losing party. *See, e.g.*, *United States v. Standard Oil Co. of Cal.*, 603 F.2d 100, 103 (9th Cir. 1979). In order to award attorneys' fees to a party in litigation, a court must be satisfied that both (1) the party is entitled to the fees and (2) that the fee award is reasonable. Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (citing *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614 (9th Cir. 1993)). If it is state law that allows for a fee award, federal courts must look to that law to determine the propriety of such an award. *Michael-Regan Co., Inc. v. Lindell,* 527 F.2d 653, 656 (9th Cir. 1975).

III.    Discussion

Wells Fargo, as a prevailing party, seeks an award of attorneys' fees under both the Note and a provision in the Deed of Trust recorded against Plaintiff's property. *See Mot.* 3:13-5:28 ("Wells Fargo's right to recover its attorneys' fees is set forth in two clauses in the promissory note and the deed of trust."). For the reasons that follow, the Court grants Wells Fargo's request, but determines that the full amount sought—$9,432.00—is unreasonable. Instead, the Court finds that Defendant is entitled to $1,500.00.

     A.     Whether Wells Fargo is Entitled to Attorneys' Fees

The Court has already concluded that Wells Fargo is entitled to an award of attorneys' fees under the Note. Specifically, in dismissing Wells Fargo from the case, the Court determined that "Wells Fargo shall be entitled to file motions to tax costs and for reasonable attorneys' fees." Dkt. # 16 (May 31, 2012 Order). This was based on a provision in the Note, signed by Plaintiff, agreeing that "[t]he Lender will have the right to be paid back by [Plaintiff] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#19/20 (08/27 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2993 PSG (MANx) | Date | August 21, 2012 |
|---|---|---|---|
| Title | Lagrimas Suarez v. Wells Fargo Bank, N.A., *et al.* | | |

*Request for Judicial Notice*, Ex. B, pg. 4, ¶ 7(E).[1]  Thus, Wells Fargo is entitled to attorneys' fees under the Note.  The only question remaining is whether $9,432.00, the amount sought, is reasonable.

      B.      <u>Whether the Amount of Fees Sought is Reasonable</u>

As discussed, the customary method of determining the reasonableness of attorneys' fees is known as the "lodestar" method.  *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  The "lodestar" method involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Id.*  The resulting figure is presumptively reasonable.  *See id.* at 364, n.8.  The moving party has the burden to produce evidence that the rates and hours worked are reasonable.  *See Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 623 (9th Cir. 1983).  Once the "lodestar" figure is calculated, a court has discretion to adjust the figure based on certain factors set forth in *Kerr v. Screen Extras Guild*.  *See Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975) (a court can consider the following factors if they are relevant to the case:  (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases).  The court must provide a clear explanation for any reduction.  *See Sorensen v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).

Wells Fargo asks the Court to award $9,432.00 in fees for its defense of Plaintiff's Complaint.  *See Mot.* 3:7-8.  The Court does not agree that this reflects a reasonable amount of fees incurred in this litigation, which was resolved on an unopposed Rule 12(b)(6) Motion to Dismiss.

As an initial matter, the Court notes that the issues raised by Plaintiff's complaint were not difficult or novel, and did not require a great deal of skill or research to address.  In fact, the

---

[1] The Court takes judicial notice of the Note as an exhibit referred to in the Complaint.  *See* Fed. R. Evid. 201(b) (permitting judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (noting that courts "may consider documents referred to in the complaint").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#19/20 (08/27 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2993 PSG (MANx) | Date | August 21, 2012 |
|---|---|---|---|
| Title | Lagrimas Suarez v. Wells Fargo Bank, N.A., *et al.* | | |

claims in the Complaint—breach of contract, fraud, wrongful foreclosure, negligence, and the like—are standard state-law claims that the Court and the banks encounter regularly in foreclosure cases like this one. *See, e.g.*, *Becker v. Wells Fargo Bank, N.A.*, CV 10-2799 LKK KJN, 2011 WL 1103439 (E.D. Cal. March 22, 2011); *Ricon v. Recontrust Co.*, CV 09-937 IEG JMA, 2009 WL 2407396 (S.D. Cal. Aug. 4, 2009). In fact, the Court has already presided over numerous actions defended by Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, counsel for Wells Fargo in this case, many of which involved nearly identical procedural and substantive work. *See, e.g.*, *Hazel Jones v. Wells Fargo Bank, N.A., et al.*, 10-cv-09426-PSG-JCG, Docket Nos. 1, 12, 24 (closed Feb. 8, 2011).

Additionally, the time spent and rates charged are excessive given the procedural posture of the case and the tasks performed. In support of the motion for fees, Wells Fargo provides billing statements from January 2012 through May 2012, identifying the hours spent to defend this action by a team of three lawyers and three paralegals. Attorneys Viddell Heard and Jeremy Shulman charged as much as $320 and $280 per hour, respectively, while the three paralegals charged up to $160 per hour. Hourly time through May 31, 2012 was $13,567.00. *See Flewelling Decl.* ¶ 6. However, as the case was billed to Wells Fargo at a flat fee of $7,800.00 until commencement of work on the fee motion, Wells Fargo seeks recovery of the $7,800.00 flat fee, plus an additional $1,632.00 for work on this fee motion. *See id.*

Aside from filing the pending motion for attorneys' fees, the only filings of any real significance were the notice of removal and motions to dismiss and strike. *See* Dkt. # 1, 7, 8. Neither the motion to dismiss nor the motion to strike was opposed. Nevertheless, counsel for Wells Fargo seeks to recoup costs for more than thirty-seven hours of work, including almost four hours spent triaging the case and analyzing whether service was proper, along with numerous entries dedicated to reviewing the docket and drafting filings for a related bankruptcy case that purportedly was pending, but of which the Court was never informed.[2] The motion for attorneys' fees makes no attempt to explain why this work is recoverable under the fee provision. The fee motion also seeks recovery for 2.5 hours of work on a reply brief that was never filed and an anticipated hearing that has been taken off calendar.

The Court concludes that the total work involved was excessive given the uncomplicated, boilerplate nature of the case. In this Court's experience, six hours of work at a rate of $250 for a law practice steeped in foreclosure-related cases is sufficient to remove the case from state

---

[2]According to defense counsel's billing records, Wells Fargo obtained an order granting relief from the automatic stay on or around May 31, 2012. *See Flewelling Decl.*, Ex. A.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#19/20 (08/27 hrg off)

CIVIL MINUTES - GENERAL

| Case No. | CV 12-2993 PSG (MANx) | Date | August 21, 2012 |
|---|---|---|---|
| Title | Lagrimas Suarez v. Wells Fargo Bank, N.A., *et al.* | | |

court (1 hour), prepare a motion to dismiss (2.5 hours) and seek attorneys' fees (2.5 hours). And while Wells Fargo also filed a separate motion to strike, *see* Dkt. # 8, such motions are viewed with disfavor given the limited importance of pleading in federal practice, and because they are often used as a delaying tactic. *See Lazar v. Trans Union, LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). An award of six hours work at a rate of $250.00 per hour comports with awards in similar, unopposed real estate cases. *See, e.g.*, *Snyder III v. Wachovia Mortg.*, CV 10-1168 LJO SKO, 2010 WL 3582595, at *8 (E.D. Cal. Sept. 10, 2010). Thus, a reasonable award in this case is $1,500.00.

IV.     Conclusion

Based on the foregoing, the Court GRANTS Wells Fargo's Motion for Attorneys' Fees. Wells Fargo is entitled to $1,500.00.

**IT IS SO ORDERED.**